Eastern District of Kentucky
F I L E D
AUG 16 2017
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 16-20-HRW

BLUEGRASS DUTCH TRUST MOREHEAD, LLC,                    PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

RAY WHITE, *et al.*,                    DEFENDANTS.

This matter is before the Court upon Defendants' Motion for Summary Judgment [Docket No. 40]. The matter has been fully briefed by the parties. For the reasons stated herein, the Court finds that the Defendants are entitled to judgment as a matter of law.

**I.**

Plaintiff alleges that the Fiscal Court denied its request to erect a fence on county property in retaliation for Plaintiff's alleged political support for then-candidate for Judge Executive Walter "Doc" Blevins. [Verified Complaint, Docket Entry No. 1, p. 5, ¶ 27.]

The Plaintiff, Bluegrass Dutch Trust Morehead, LLC, owns property located at 19 Hickory Drive in Rowan County, Kentucky ("the Property"). [Verified Complaint, Docket Entry No. 1, p. 3, ¶ 11.] The Property is located in Hickory Points Subdivision, which was developed by Kinder & Ruth, Inc. [*Id.* at ¶ 14.] During development, Kinder & Ruth, Inc., granted an easement and right of way to the Rowan County Fiscal Court.

The Plaintiff alleges that in August 2014, it began attempting to obtain what it refers to as a "variance" from the Fiscal Court. [*Id.* at p. 5 ¶ 28.] Specifically, Plaintiff sought to obtain permission from the Fiscal Court to erect a wrought iron fence and an electric gate on the front of

the driveway of its Property; the Fiscal Court's permission to do so is necessary because the proposed fence and gate would encroach on the Fiscal Court's easement. [*Id.*] The Plaintiff claims that its attempts to obtain the variance have been met with "resistance, obstruction, and a complete refusal to act." [Verified Complaint, Docket Entry No. 1, p. 5, ¶ 29.] Plaintiff alleges that this "resistance" is, in fact, retaliation against the Plaintiff for its alleged support of Walter "Doc" Blevins ("Blevins") during the 2014 Rowan County Judge Executive election contest. [*Id.* at pp. 4 and 5.]

Plaintiff alleges that it, through one of its members, erected a yard sign supporting Blevins in the campaign. [*Id.* at p. 4.] Blevins prevailed in the election over his opponent, Richard White; Richard White is the brother of Defendant Ray White, one of the members of the Rowan County Fiscal Court. [*Id.* at p. 4, ¶¶ 21, 23.] Plaintiff alleges that Defendant White and other members of the Rowan County Fiscal Court had knowledge of Plaintiff's support and were "highly displeased that the Trust not only supported Judge Blevins but also erected a Blevins campaign sign[.]" [*Id.* at p. 5, ¶ 27.]

At some point after August 2014, Plaintiff retained James Frazier and Jaron Blanford of the McBrayer firm to assist it in obtaining the variance. [Verified Complaint, Docket Entry No. 1, p. 6, ¶ 33.] Mr. Frazier sent several letters on behalf of the Plaintiff in an effort to convince the Fiscal Court to grant it. [*Id.* at pp. 6 and 7.]

These efforts culminated in Judge Blevins making a motion during a February 23, 2015, special session to grant the encroachment; however, because no other member of the Fiscal Court seconded the motion, it failed. [*Id.* at p. 7, ¶ 40.]

Following the failed motion, Frazier and Blanford participated in a conference call with

Rowan County Attorney Cecil Watkins, wherein the Plaintiff alleges that Watkins stated that the "Fiscal Court's refusal was 'payback' and 'politics.'" [Verified Complaint, Docket Entry No. 1, p. 7, ¶ 42.] Plaintiff alleges that Frazier and Blanford withdrew "[a]t least in part because [they] would be witnesses in any litigation between the [Plaintiff] and the Fiscal Court." [*Id.*]

The Plaintiff subsequently retained Richard Getty of the Getty Law Group, PLLC, and filed this action, alleging violations of its First and Fourteenth Amendment rights.

The Defendants named in the Complaint are: Rowan County Fiscal Court, Ray White; Individually and in his Official Capacity as Rowan County Fiscal Court Member; Darrell Glover, Individually and in his Official Capacity as Rowan County Fiscal Court Member; Charlie Winkleman, Individually and in his Official Capacity as Rowan County Fiscal Court Member; Stanley Messer, Individually and in his Official Capacity as Rowan County Fiscal Court Member; and James D. Nickell, Individually and in his Official Capacity as Former Rowan County Judge Executive.

Given that Plaintiff's retaliation claims appears to rest entirely upon the statements of its former lawyers - Mr. Frazier and Mr. Blanford - Defendants noticed their depositions and served them with subpoenas.

However, on the day of the depositions, counsel for the McBrayer firm indicated that neither Mr. Frazier nor Mr. Blanford would sit for their depositions, citing confidentiality concerns under Kentucky Supreme Court Rule 3.130(1.6) (confidentiality of information) and Kentucky Supreme Court Rule 3.130(1.9) (duty to former clients). Counsel for the McBrayer firm stated for the record his position that Messrs. Frazier and Blanford were prohibited from testifying absent the informed consent of Plaintiff or a court order.

According to Defendant's motion, counsel for Plaintiff disagreed, stating that conversations held between former counsel and third-parties were not privileged. Tempers flared and the deposition ended with Plaintiff's counsel announcing his intention to file a joint motion with Defendants seeking to compel the testimony of Plaintiff's former counsel.

However, the motion was never filed. Instead, Plaintiff's counsel, the Getty Firm filed a Motion to Withdraw. The Court sustained the Plaintiff's counsel's Motion to Withdraw and permitted the Plaintiff thirty days to obtain new counsel.

On December 20, 2016, Plaintiff's former counsel filed a motion for additional time for Plaintiff to secure new counsel because the prior order was sent to an incorrect address. The Court granted the motion and permitted the Plaintiff an additional 30 days from the date of the entry of that Order to obtain counsel.

Two days before the deadline to obtain counsel was set to expire on January 19, 2017, Douglas Dutcher, a member of Plaintiff Bluegrass Dutch Trust Morehead, LLC, purported to file a motion to extend the time for the Plaintiff to obtain counsel. As Mr. Dutcher is not licensed to practice in this Court, Defendants moved to strike his request for additional time.

On February 10, 2017 Plaintiff was ordered to show cause why this case should not be dismissed for failure to abide by the Court's order with regard to obtaining counsel.

Then, Ned Pillersdorf entered an appearance on behalf of Plaintiff, and the case seemed to be back on track.

Defendants now seek summary judgment as to all claims alleged herein.

## II.

Summary judgment should be granted "if the movant shows that there is no genuine

4

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists only when, assuming the truth of the non-moving party's evidence and construing all inferences from that evidence in the light most favorable to the non-moving party, there is sufficient evidence for a trier of fact to find for that party. A non-moving party cannot withstand summary judgment, however, by introduction of a "mere scintilla" of evidence in its favor. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

### III.

In its response to Defendants' dispositive motion, Plaintiff makes no argument in support of its claims against the individual Defendants in their official capacities or against the Fiscal Court itself. It would be appear that these claims have been abandoned.

Further, there is nothing in the record which would suggest the existence of a custom or policy informing the acts as alleged by Plaintiff. Municipal liability only attaches where a custom, policy, or practice attributable to the municipality was the "moving force" behind the violation of the plaintiff's constitutional rights. *Miller v. Sanilac County*, 606 F.3d 245, 254-255 (6th Cir., 2010).

Stated another way - "municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483–84, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).

Plaintiff makes no argument in this regard and the Court finds that summary judgment

5

is warranted as to Plaintiff's claims against any Defendant in his official capacity.

The claims against the Defendants in their individual capacities fail as well.

The framework within which a § 1983 claim is to be analyzed is well established:

> Section 1983 does not create substantive rights but, rather, "provides a remedy for deprivations of rights secured by the Constitution and laws of the United States...." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Mertik v. Blalock*, 983 F.2d 1353, 1359 (6th Cir. 1993). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989) (additional citations omitted)).

*Estate of Goodin v. Knox County, Ky.*, 2014 WL 2719816, at *6 (E.D. Ky. June 16, 2014).

When alleging an individual-capacity claim under § 1983 against a government official, the plaintiff bears the burden of overcoming the official's defense of qualified immunity, which shields government officials from personal liability for civil damages for conduct that does not violate clearly established constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Baker v. City of Hamilton*, 471 F.3d 601, 605 (6th Cir. 2006). Qualified immunity is immunity from suit; "its purpose is to shield the official from suit altogether, saving the official from the burdens of discovery and costs of trial." *Crockett v. Cumberland Coll.*, 316 F.3d 571, 579 (6th Cir. 2003).

The qualified immunity analysis turns on two questions: (1) whether a constitutional right has been violated, and (2) whether the right was clearly established. *Smoak v. Hall*, 460 F.3d 768,

777 (6th Cir. 2006). If the answer to either question is "no," then the public official is immune from suit.

In its Complaint, Plaintiff alleges that the Fiscal Court's denial of its request for a variance violated its 14th Amendment right to Due Process.

The Due Process clause protects individuals from the unjustified deprivation of a constitutionally protected interest. "In the context of due process challenges in land use cases, a protected property interest exists if a plaintiff has either a 'legitimate claim of entitlement' to use his land in a certain way, or a 'justifiable expectation' that a governmental body will approve his desired land use." *McGuire v. City of Moraine, Ohio*, 178 F. Supp. 2d 882, 892 (S.D. Ohio 2001) (citing *Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.2d 1031, 1036 (6th Cir. 1992)).

However, "when a municipality retains the discretion to deny a plaintiff's requested land use, even if all mandatory requirements are met, he does not have the requisite 'legitimate claim of entitlement' or 'justifiable expectation' needed to establish a property interest in a particular use of his land." *McGuire*, 178 F. Supp. 2d at 892-93 (citing *Silver*, 966 F.2d at 1036). "This is so because '[a]n abstract need or unilateral expectation does not suffice to create a property interest[.]" *Id.* at 892 (citing *Richardson v. Twp. of Brady*, 218 F.3d 508, 516 (6th Cir. 2000)).

Plaintiff does not dispute Defendants statement that the Rowan Fiscal Court has discretion over whether to grant private citizens variances, encroachments, and the like. Because Rowan County retained discretion to deny Plaintiff's request, the Plaintiff does not have the requisite legitimate claim of entitlement or justifiable expectation necessary to establish a property interest. Without a protected interest, Plaintiff's due process claims fails.

It seems that Plaintiff recognizes this, as it has cited no case law to the contrary in its

7

single paragraph response to Defendants' Due Process argument. Rather, it argues that the Fiscal Court may not "use its discretion in a political retaliatory manner." It asserts "[i]f a fact finder finds this was retaliatory, the Plaintiffs have certainly established a cognizable due process claim." However, merely restating an allegation as support for an argument, and failing to cite single case, is not the way one successfully responds to a Rule 56 motion.

Plaintiff also alleges that Defendants deprived Plaintiff of its First Amendment right to exercise free speech and support a candidate of its choosing when Defendants denied its request to erect a fence on county property because such denial was allegedly in retaliation for Plaintiff's political support for then-candidate for Judge/Executive Blevins.

"A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

The "protected conduct", as argued by Plaintiff, is the yard sign in support of Blevins. The "adverse action" is the Fiscal Court's denial of Plaintiff's request for variance. Now to the crux of the matter: can Plaintiff connect the two?

Plaintiff contends that the Rowan County Fiscal Court was motivated by "payback" and "politics." The conference call between Rowan County attorney Cecil Watkins and Mr. Frazier and Mr. Blanford, During which, Watkins informed them that the Fiscal Court's refusal was "payback" and "politics" is Plaintiff's smoking gun.

8

Yet, this piece of evidence is fraught with issues. First, Watkins emphatically denies saying anything of the sort. In an Affidavit, attached to Defendants' motion, he states: "At no point during the conference call did I state, nor did I imply in any way, that the Rowan County Fiscal Court's refusal to grant the Requested Encroachment was the result of 'payback' and 'politics' in relation for the Trust's alleged support of Walter "Doc" Blevins for Judge-Executive during the 2014 election." [Affidavit of Cecil Watkins].

Second, his alleged comment to Plaintiff's former counsel is hearsay, times two. Plaintiff does not try to persuade the Court otherwise. Instead, Plaintiff argues that the alleged statements of Frazier, Blanford and Watkins "could fall under" Fed.R.Evid. 807, an exception to the rule against hearsay.

In order to be admitted pursuant to Rule 807, a hearsay statement must satisfy the following criteria: "(1) the statement has equivalent circumstantial guarantees of trustworthiness ; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence the proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of these rules and the interests of justice." Fed. R. Evid. 807.

Plaintiff offers no "equivalent circumstantial guarantees of trustworthiness." Indeed, the record suggests otherwise. As to the second requirement, it is offered as evidence of a material fact. However, per the third requirement, it is not the most probative. There is no more probative evidence regarding what Cecil Watkins said than the recollection of Cecil Watkins himself, as set forth in his Affidavit.

Moreover, it is well established that hearsay cannot be considered in a summary judgment

9

motion. *Wiley v. United States,* 20 F.3d 222, 226 (6th Cir. 1994).

In an argument that smacks of desperation on Plaintiff's part, it asserts that the temporal proximity between the erection of the yard sign and the failure of the motion provide evidence of political animus and retaliation. In other words, Plaintiff contends that the timeline upon which the placement of the yard sign the February 23, 2015 motion and meeting of the Rowan County Fiscal Court can be plotted provides the causal link between its protected speech and Defendants' adverse action.

Yet Plaintiff offers no proof of temporal proximity. A review of the Affidavit of Douglas Dutcher, the only evidence offered in response to Defendants' dispositive motion, does not reveal a definitive timeline regarding the erection of the yard sign as relative to the February 23, 2015 motion. Indeed, Dutcher's Affidavit fails to present any discernable evidence regarding exactly when the sign was erected. Accordingly, Plaintiff's claim that the "timing of events" constitutes "ample evidence of political animus" is unsupported by the record.

Further, the case law of this circuit clearly demonstrates that temporal proximity alone is seldom sufficient to support a retaliation claim. *See Cooper v. City of N. Olmsted,* 795 F.2d 1265, 1272 (6th Cir. 1986) ("[t]he mere fact that Cooper was discharged four months after filing a discrimination claim is insufficient to support an interference of retaliation."); *Nguyen v. City of Cleveland,* 229 F.3d 559, 561 (6th Cir. 2000) (rejecting plaintiff's argument that temporal proximity alone was sufficient to support a finding of a causal relationship); *Vereecke v. Huron Valley Sch. Dist.,* 609 F.3d 392, 401 (6th Cir. 2010) ("[a]t this point, our case law can fairly be characterized as recognizing the possibility that, on a particular set of facts, extremely close temporal proximity could permit an inference of retaliatory motive, but also recognizing that

10

often evidence in addition to temporal proximity is required to permit the inference.").

Absent an admissible statement from Watkins and a telling -timeline, Plaintiff has no evidence as to the third element needed to prove its claim.

Plaintiff is asking the Court to infer that the Defendants were on notice of its political affiliation by virtue of one sign, placed in one yard, in Rowan County. In order to reach this inference, the Court must infer that Defendants were not only aware of the sign, but also that the sign on which the property rested belonged to Plaintiff. While the Court is required to draw reasonable inferences in Plaintiff's favor, Plaintiff asks this Court take a blind leap into an abyss. That is too much to ask on a Rule 56 motion.

Interestingly, and further fatal to Plaintiff's claim, with regard to Defendant White, Plaintiff argues that "a fact finder could easily find that Plaintiffs [sic] posting a political sign that supported the opponent of the brother of Defendant Ray White, was a substantial, motivating factor in the decision to not grant the variance." [Plaintiff's Response, p. 2.] However, this allegation rings hollow because Defendant White *did not attend* the February 23, 2015, special meeting of the Rowan County Fiscal Court where the motion to grant Plaintiff's requested encroachment failed. [*See* February 23, 2015, Special Meeting Minutes, attached as Exhibit A, RCFC 000007-000008 (noting Ray White as "absent").]

If there was anything with which to support its claims against Defendants, this was the opportunity to present it to the Court. Plaintiff, instead, pinned all of its hopes on the Dutcher Affidavit, which does little more than reiterate the allegations in the Complaint. Although the Complaint spins a compelling tale, based upon the record, there is not enough to overcome summary judgment.

11

## IV.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment [Docket No. 40] be **SUSTAINED**.

This 16th day of August, 2017.



Signed By:
<u>**Henry R. Wilhoit, Jr.**</u>
**United States District Judge**